Date 8/1/05

# UNITED STATES DISTRICT COURT
## District of Mass

Pro ce-
Robert Pingano
378 Central St
Saugus Mass 01906

Case Number:
05/0393 GAO

## Notice of Default

I Robert Pingano Pro ce- I ask this court to default the town of Saugus mass. Because they did not act on the court's summon's sent out by this court they did not file anything in this case it has been 5 months since they where served with those summon's I ask this court to default Saugus. They had 20 day's to act from the date they got these's summon's There was no waver filed they did not do anything at all I ask this court to default the town of Saugus I ask for justice in this case to default the town of Saugus. This court has all my evidence in this case

Thank you
Pro ce- Mr. Robert Pingano
05/0393 GAO

Date 8/1/05

United STATES DISTRICT COURT
DISTRICT OF MASS

From
Robert Pingaro (Pro se)
258 Central ST
Saugus MASS 01906

Case No 0510393 GAO

# Certificate of Service

I Pro se Robert Pingaro HAVE SENT A COPY OF Notice of Default TO The Town of Saugus. BY US MAIL Registered

Date 8/1/05

1. Town of Saugus
   298 Central ST
   Saugus MASS 01906

Date 8/1/05   Pro se Robert Pingaro

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

Robert Pinsaro  Prose
258 Central St
Saugus Mass 01906
V.

ATTACHMENT 4

SUMMONS IN A CIVIL CASE

CASE NUMBER: **05 10393 GAO**

TO: (Name and address of Defendant)

Town of Saugus
298 Central St
Mass 01906

[FILED IN CLERKS OFFICE 2005 MAR -9 P 5:21 U.S. DISTRICT COURT DISTRICT OF MASS]

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

[Seal: United States District Court, District of Massachusetts]
TONY ANASTAS

MAR 1 - 2005

CLERK _____ DATE

(By) DEPUTY CLERK

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | MAR/2/2005 |

| NAME OF SERVER (PRINT) Robert Perguro | TITLE Pro Ce |
|---|---|

Check one box below to indicate appropriate method of service

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____US MAIL Restored_____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   MAR/2/2005        Robert Perguro
              Date               Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Town of Saugus
298 Central St
Saugus Mass 01906

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Vanessa (illegible)_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Vanessa (illegible)   3/3/03

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7004 2510 0003 8117 5466

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# Sam Stella, Realtors



7 Lincoln Street, Wakefield, MA 01880
(781)245-5454 Office (781)224-9778 Fax



February 14, 2005

RE:   Property Located At 258 Central Street, Saugus, MA 01960

05 CV 10393 GAO

To Whom It May Concern:

I was asked to do two real estate appraisals on the above named property within the last several years. A clarification of the conclusion of my two reports might be appropriate at this point.

Upon inspection of the legal single family colonial style dwelling, each room on the 1st floor was "off the bubble" when I placed a four (4) foot level on the floor. I had a feeling of dizziness (similar to a "fun house") because the floors were so out of level. The glass in most of the windows on the second floor was cracked. Doors did not close property. The poured concrete basement walls contained cracks in various places (photos enclosed in the appraisals). **This indicated that the building at 258 Central Street was on unstable ground.**

**It was obvious, upon visual inspection of the site (after inspecting the dwelling), that this property was an old neighborhood dump sight for many, many years prior to the improvement (dwelling) being constructed.** As I walked down the hill on the east side of the site (70 degree slope into the Saugus River Basin), I observed trash typical of the 1960's. I walked further down the hill and noticed more trash from the 1950's and 1940's. I didn't continue any further.

I spoke to one person at the local town hall and two elderly people in the area who were well aware of 258 Central Street as the neighborhood dump when they were children.

A designated National Historic Site, the Saugus Iron Works, is located no more than one hundred (100) feet away from 258 Central Street, on the same side of the street. The Saugus Iron Works was the oldest iron mill in the country. It was established in 1636. The fuel used to make iron malleable at that time was coal. The by-product of coal was coal dust, often referred to as "dust" or "ash".

It is my conclusion that there is a high degree probably that the lot at 258 Central Street, is not only the old neighborhood dump possibly dating back to the mid to late 1600's, it is a hazardous waste site probably containing ash and many other materials (hazardous or otherwise).

"'Market value' as defined by the Federal Home Loan Bank Board (FHLBB) is enclosed in this letter. When reading the enclosed definition, the property at 258 Central Street, Saugus, Essex County, Massachusetts, definitely does not conform to that definition. In this area, a buyer will typically finance the purchase his/her primary residence through a lender and not pay cash. No lender will use the property located at 258 Central Street as collateral for a loan based upon the Seller's 'full disclosure' of these 'material defects'. Therefore, this property according to the definition of "market value" is unmarketable and valueless. A major "clean-up" is probably necessary. Even with a "clean-up", "full disclosure" will be required upon a sale. I doubt very that a lender would give a loan to a typical buyer as collateral for this property after full disclosure of the history and material facts.

Respectfully,

Sam Stella,                                 GRI
MA Real Estate Appraiser's Lic. #651        LA

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession, but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.