UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket # 05-10393 GAO

Robert Pingaro,
    Plaintiff,

vs.

Town of Saugus,
    Defendant.

## MOTION TO SET ASIDE DEFAULT

Defendant Town of Saugus ("Saugus") hereby moves this Honorable Court, pursuant to Fed.R.Civ.P. 55(c), to set aside the default entered against it in the above entitled action. As grounds therefor, Saugus states that there is good cause to set aside the default and that Saugus has meritorious defenses to the action. As further grounds, Saugus relies upon the affidavits of Joanne Eaves and John Vasapolli annexed hereto and incorporated herein. Saugus also relies upon the memorandum of law filed herewith.

WHEREFORE, Defendant Town of Saugus respectfully requests this Honorable Court to set aside the default and let the matter stand for further proceedings.

By its Attorney,

/s/ Ira H. Zaleznik
Ira H. Zaleznik (BBO#538800)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990

Dated: March 29, 2006

## CERTIFICATE OF SERVICE

    I, Ira H. Zaleznik, Esq., certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants on March 29, 2006.

                          By its Attorney,

                          /s/ Ira H. Zaleznik
                          Ira H. Zaleznik (BBO#538800)
                          Lawson & Weitzen, LLP
                          88 Black Falcon Avenue, Suite 345
                          Boston, MA 02110
                          (617) 439-4990

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket # 05-10393 GAO

Robert Pingaro,
    Plaintiff,

vs.

Town of Saugus,
    Defendant.

### AFFIDAVIT OF JOANNE EAVES

Joanne Eaves, being duly sworn, says as follows:

1. My name is Joanne Eaves, and I am Personnel Administrator for the Town of Saugus. The facts set forth in this affidavit are based upon my personal knowledge. I submit this affidavit in support of the motion of the Defendant Town of Saugus in this action to set aside the default entered in this action against the Town.

2. Part of my responsibilities as Personnel Administrator include the duty to handle all insurance matters pertaining to the Town. I catalogue all claims, and routinely refer most civil claims to the Town's Insurer for defense and coverage. During the course of a year, there will probably be well over one hundred claims brought against the Town. The Town's insurance policy covers most claims against the Town brought in Federal Court, and when I receive a complaint against the Town that involves Federal Claims, I routinely refer them to the Insurance company for

handling.

  3. When I first received copies of the pleadings filed in this case, I sent them to the agent for the Insurance Company for defense and coverage. In April of 2005, I received a response from the Insurance Company in which the Insurer declined coverage and refused to the defend the Town in the suit. The Insurer claimed that the Town did not have coverage for the claims presented in this case. At the bottom of the letter from the insurance company, they noted that a copy of the letter had been sent to John Vasapolli, Town Counsel for the Town. I assumed that the insurance company had sent a copy of this letter to Mr. Vasapolli, and that he would proceed to manage the case as he and the Town Manager deemed appropriate. In the event of a denial of coverage, this was the routine practice used to handle a case.

  4. In August of 2005, I received a copy of a notice from Mr. Vasapolli that a default had been entered in this action against the Town. Mr. Vasapolli, when he sent a copy of the notice to me, told me that I should send a copy of the notice to the insurance company for handling. At the time, I did not realize that Mr. Vasapolli had not received a copy of the insurance company denial, and was not aware of the lack of insurance defense and coverage. Instead, I assumed that he had a reason for forwarding the notice to the insurer. I therefore forwarded a copy of the notice of default to the Insurance Company and waited for further instructions as to what to do with the claim. I did forward the notice to the Insurer, but I did not receive any

response from the insurance company.

6. Had I realized that Mr. Vasapolli did not know that the Insurer had declined coverage and defense, I would have checked with him to determine what arrangements were being made for the defense of the action. Because I assumed that he knew of the decision of the Insurer, I assumed that he had made the arrangements for the defense of the case.

Signed and sworn to this _____ Day of March, 2006.

/s/ Joanne Eaves
Joanne Eaves

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket # 05-10393 GAO

Robert Pingaro,
    Plaintiff,

vs.

Town of Saugus,
    Defendant.

### AFFIDAVIT OF JOHN J. VASAPOLLI

John J. Vasapolli, being duly sworn, says as follows:

1. My name is John J. Vasapolli, and I am Town Counsel for the Town of Saugus. The facts set forth in this affidavit are based upon my personal knowledge. I submit this affidavit in support of the motion of the Defendant Town of Saugus in this action to set aside the default that is currently in place.

2. As Town Counsel, I have the responsibility for managing the legal affairs of the Town. Although my responsibilities can include representing the Town in litigation, in most instances, I refer suits to the insurer for the Town of Saugus for defense, or to outside counsel. As described below, I followed these standard procedures in this case.

3. When I received copies of the pleadings first filed in this case, I sent them to Joanne Eaves, the personnel administrator for the Town of Saugus. Part of Ms.

Eaves' job responsibility is to record and process all claims against the Town. I recommended to Ms. Eaves that she refer this matter to the Town's insurer for coverage and defense. It is my understanding that she did so.

4. In April of 2005, the insurance company notified the Town by letter to Ms. Eaves that the Pingaro claim was not covered by the policy and that they declined defense and coverage of the case. Although I understand that the letter from the Insurance Company has a notation that a copy of the letter was being sent to me, I did not, in fact, receive a copy of the letter declining coverage and defense. Had I received a copy of the letter from the Insurer, I would have immediately recommended that the case be referred to outside counsel for defense.

5. In August of 2005, I received notice that a default had been entered in this action against the Town. Since I had heard nothing to the contrary, I assumed that the matter was being defended by the Insurer. Accordingly, I forwarded a copy of the notice of default to Ms. Eaves, and asked her to forward the papers to the Insurance Company.

6. Earlier this month, I learned that the Plaintiff was seeking the entry of a default judgment in this action. When I received notice of Plaintiff's papers, I undertook to investigate what happened and learned, for the first time, that the Insurer for the Town had declined coverage and defense in April of 2005. I then immediately went to the Town Manager and recommended that the defense of this matter be

referred to outside counsel.

7. It is my belief that the Town has many good faith defenses to this action. I am a lifelong resident of Saugus and I am familiar with the Plaintiff's house. I believe that the house was built by a private person in or about 1965. In the 1960's and thereafter, the Town of Saugus maintained a landfill on Main Street in Saugus. This landfill was closed not later than 1987, has not been in use since that time, and is not near to the Plaintiff's property. The Plaintiff's property is adjacent to the Saugus Ironworks. If Plaintiff's property is contaminated, or if the house was constructed on improper fill, the fault for these problems does not lie with the Town of Saugus.

8. Even if the Town of Saugus were to be somehow responsible for the condition of Plaintiff's property, I cannot see the basis for the assertion of jurisdiction by the federal court. Any claims presented by the Plaintiff – and I do not suggest that I comprehend the claims purportedly brought by Plaintiff – would be the subject of state law, not federal law.

Signed and sworn to this _____ Day of March, 2006.

/s/John J. Vasapolli
John J. Vasapolli