UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket # 05-10393 GAO

Robert Pingaro,
    Plaintiff,

vs.

Town of Saugus,
    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT

I.    INTRODUCTION

By this motion, Defendant Town of Saugus ("Saugus") seeks to set aside the entry of a default against it in this action. Saugus seeks this relief since there is good cause to set aside the default and Saugus has meritorious defenses to the action. Accordingly, Saugus has met the standard set forth in Fed.R.Civ.P. 55(c), and this Court ought to set aside the default.

The facts upon which this motion is based may be summarized as follows: On or about March 1, 2005, Plaintiff Robert Pingaro filed his pro se complaint with this Court against Saugus. Shortly thereafter, the complaint was served upon Saugus and the summons and complaint were transferred to the Town Counsel for Saugus. See Affidavit of John Vasapolli ("Vasapolli Aff.") ¶3. Town Counsel, in turn, gave the papers to the Personnel Administrator for the Town, who had the responsibility for handling all insured

1

claims against the Town. See Vasapolli Aff. ¶3; Affidavit of Joanne Eaves ("Eaves Aff.") ¶2. The Personnel Administrator, in accordance with her standard procedures, forwarded copies of the pleadings to the agent for the Town's insurance carrier. Eaves Aff. ¶3.

In April of 2005, the Town's insurer notified the Town by letter to the Personnel Administrator that it was declining coverage and defense in this matter. Eaves Aff. ¶3. Although the letter indicated that Town Counsel was to receive a copy, Town Counsel did not, in fact, receive notice that the Insurer had declined coverage and the defense of the matter. Vasapolli Aff. ¶4. Instead, Town Counsel assumed that the Insurer had assumed the defense of the case. Vasapolli Aff. ¶5. On her part, the Personnel Administrator assumed that, since the insurer's letter had noted that a copy was being sent to Town Counsel, that Town Counsel had received notice of the denial, and would make other arrangements for the defense of the claim. Eaves Aff. ¶3.

The misunderstanding continued into August of 2005. In August, Town Counsel received notice of the entry of default against Saugus. Vasapolli Aff. ¶5. Since he thought that the insurance company was handling the defense of the claim, he sent the notice of default to the Personnel Administrator for forwarding to the Insurer. Vasapolli Aff. ¶5. When she received the notice from Town Counsel, the Personnel Administrator did not realize that Town Counsel did not know about the position of the Insurer. Eaves Aff. ¶4. She then forwarded the notice to the Insurance Company and waited for

additional instructions from Town Counsel. Eaves Aff. ¶4.

No further action was taken until March of 2006 when Plaintiff Pingaro filed his request for the entry of a default judgment against Saugus. As a result of this filing, Town Counsel learned for the first time that Saugus' Insurer had declined the defense of this action, and that the entry of default took place because no one had assumed the defense of the matter for Saugus. Vasapolli Aff. ¶6. At this point, Town Counsel immediately undertook the steps to hire counsel to defend the action and bring this motion. Vasapolli Aff. ¶6.

Based on these facts, Saugus contends that there is good cause to remove the default and let the case stand for further proceedings. Further grounds for this position are set forth below.

II.     ARGUMENT - Saugus Has Shown That Good Cause Exists For Vacating the
              Entry of Default

Fed.R.Civ.P. 55(c) provides that "For good cause shown the court may set aside the entry of default. . . " "Good cause" is a flexible standard, designed to accommodate a variety of circumstances in which procedural mishaps will produce a default. See *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). Relief should be liberally granted, consistent with the overriding judicial philosophy that cases ought to be decided on the merits. *Coon, supra* at 76.

The Court of Appeals has identified seven factors that this Court should consider in deciding whether to remove a default. See *McKinnon v. Kwong Wah Restaurant*, 83

F.3d 498, 503 (1st Cir. 1996). These factors are:

> "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the time of the motion [to set aside entry of default]."

In this case, Saugus has met these factors to show that there is good cause for the removal of the default. As set forth in the affidavits of Town Counsel and the Personnel Administrator, there was a misunderstanding among Saugus officials as to who was to defend the case. This misunderstanding arose because the Insurer indicated in its denial letter that it had copied Town Counsel, but Town Counsel did not, in fact, receive the notice of denial. Vasapolli Aff. ¶4. In these circumstances, the default was not a willful act of the Town or its officials.

Second, there is no evidence of any prejudice to the Plaintiff arising from the removal of the default. While the Plaintiff would have to prove his case, the passage of time has not changed his circumstances in any material way.

Third, Saugus has shown that it has meritorious defenses to the action. Plaintiff's complaint appears to be that Saugus illegality dumped contaminants on his property. As set forth in the affidavit of Town Counsel, the Town operated its own landfill for many years on Main Street, in a location far away from Plaintiff's property. The Town would have no reason to dump contaminants on the Plaintiff's property. Moreover, Plaintiff's property is adjacent to the old Saugus Ironworks. If there are contaminants on Plaintiff's

property, the neighbor is the likely source. As to the contention of Plaintiff that the Saugus building department was aware of the contamination and did not tell him about it, Plaintiff cannot point to any legal duty owed by the Town to him sufficient to support liability. See e.g. *Dinsky v. Framingham,* 386 Mass. 801, 809-810 (1982)("There is nothing in either the General Laws or in the State Building Code which shows a legislative intent to impose liability on a municipality to individual property owners for the negligent issuance of building permits or the nonenforcement of the State Building Code"). Accord, *Zocchi v. Town of Hinsdale,* 30 Mass.App.Ct. 803 (1991)(Town not liable to private property owners for negligence of building inspector). Finally, nothing in the plaintiff's complaint shows any basis for the assertion of federal jurisdiction. The lack of subject matter jurisdiction is a fatal defect that can be noticed and addressed by the Court at any stage of the proceedings, even after entry of a default judgment. See *United States v. Forma,* 42 F.3d 759 (2d Cir. 1994). Although the Court can be sympathetic to the difficulties encountered by a pro se litigant, where there is no basis for the assertion of jurisdiction, the Court must dismiss the action.

Fourth, as set forth above, Saugus' explanation of the default shows excusable neglect and good faith on the part of the Town. The miscommunication was the result of Town Counsel not receiving notice that the Insurer did not intend to defend the action. There was no intentional misconduct or any intent to "stonewall" or defeat Plaintiff's claim by inaction.

Fifth, the amount of money claimed by Plaintiff would also support the removal of the default. Plaintiff has apparently sought the issuance of a default judgment in the amount of five million dollars. This large sum would have a materially adverse impact upon the taxpayers of Saugus.

Finally, the timing of this motion also supports the action of this Court to set aside the default. As set forth in the affidavits filed with this motion, Saugus officials were operating under a misapprehension that either the Insurer was defending the case, or that Town Counsel had made other appropriate arrangements. When the mistake was discovered, Saugus moved immediately to have private counsel enter an appearance and file this motion with the Court.

In short, all of the factors cited by the Court of Appeals favor the lifting of the default and leaving the action to be determined on the merits. This Court should therefore exercise its discretion in favor of Saugus, and remove the default entered in this action.

III.    CONCLUSION

For all of the foregoing reasons, Defendant Town of Saugus respectfully requests this Honorable Court to set aside the default, and restore the case to the active docket. Upon the restoration of the case to the active docket, Defendant Town of Saugus would suggest to this Court that there is no subject matter jurisdiction for this case and that unless Plaintiff amends his complaint to show such jurisdiction, this matter ought to be dismissed.

By its Attorney,

/s/ Ira H. Zaleznik
Ira H. Zaleznik (BBO#538800)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990

Dated: March 29, 2006

### CERTIFICATE OF SERVICE

I, Ira H. Zaleznik, Esq., certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants on March 29, 2006.

By its Attorney,

/s/ Ira H. Zaleznik
Ira H. Zaleznik (BBO#538800)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990