**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

                                                                              **Docket # 05-10393 GAO**

Robert Pingaro,
    Plaintiff,

vs.

Town of Saugus,
    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF JURISDICTION AND FAILURE TO STATE
A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

I.    INTRODUCTION

    By this motion, Defendant Town of Saugus ("Saugus") seeks the dismissal of this action, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and for failure to state a legal claim upon which relief may be granted. Dismissal is sought since Plaintiff Robert Pingaro has failed to plead facts in his complaint that would support the assertion of jurisdiction over this matter under either 28 U.S.C. §1331 or §1332. Neither has plaintiff set forth a claim for relief that is actionable under either federal or state law. Accordingly, this action ought to be dismissed.

    The facts that support this motion may be gleaned from the complaint and can be summarized as follows: Plaintiff Robert Pingaro is a resident of Saugus and a

citizen of the Commonwealth of Massachusetts. (Complaint ¶1, ¶3). He resides at 258 Central Street in Saugus. (Complaint ¶1). In 1995, he purchased his home at 258 Central Street. (Complaint ¶1). Later, in 1999, he claims to have discovered that the site where his home is located was a former town dump, that there were pollutants dumped on his lot, and the lot was filled with improper and illegal substances. (Complaint ¶1, ¶2). He further claims that the Building Inspector for the Town of Saugus was well aware of these deficiencies with the land, but, notwithstanding, issued a permit to build on the lot. (Complaint ¶1). Since the lot is improperly filled, numerous deficiencies now exist with Plaintiff Pingaro's home and he has suffered monetary losses stemming from these problems. (Complaint ¶1). Even reading Plaintiff Pingaro's complaint with some indulgence for a pro se plaintiff, the complaint nonetheless fails to assert the basis for subject matter jurisdiction and fails to state a claim upon which relief may be granted.

II.     ARGUMENT

    A.     Pingaro's Complaint Fails to Show the Basis for Subject Matter Jurisdiction

In his complaint, Pingaro claims that jurisdiction lies under 42 U.S.C. Section 1332. (See Complaint ¶3). Even reading the complaint giving the benefit of all favorable inferences to Plaintiff, Plaintiff has failed to allege or assert a proper basis

for the invocation of the jurisdiction of this Court.

First, it is clear that there is no jurisdiction under Section 1332. In order for there to be jurisdiction under Section 1332, there must be complete diversity among the parties. See e.g. *Gabriel v. Preble,* 396 F.3d 10 (1st Cir. 2005). In this instance, Plaintiff Pingaro is a resident and citizen of the Commonwealth of Massachusetts. For diversity purposes, Saugus is a Massachusetts citizen. Accordingly, there is no diversity and Section 1332 cannot be the basis for an assertion of jurisdiction.

Second, even reading the complaint liberally, there can be no assertion of jurisdiction under Section 1331, federal question jurisdiction. The standards for evaluating a complaint to determine if there is federal question jurisdiction were set forth by the Court of Appeals in *Templeton Board of Sewer Commissioners v. American Tissue Mills of Massachusetts, Inc.,* 352 F.3d 33 (2003). In *Templeton*, the Court noted that in order for there to be federal question jurisdiction, the complaint, well-pleaded, must either assert a federal cause of action, or a state law claim that depended for its resolution on a substantial disputed question of federal law. Neither element is satisfied in this case.

There is no federal cause of action asserted in the complaint, and there is no federal cause of action that can be implied from the allegations of the pleading. For example, although there is a private right of action for citizens under CERCLA, the

private right of action only exists under limited circumstances. See 42 U.S.C. Section 9659. Plaintiff Pingaro has not pleaded that any of the circumstances set forth in the statute were met and none of the prerequisites to filing suit, such as notice to the EPA, have been satisfied. See Section 9659(d). Aside from a theoretical CERCLA action, Saugus cannot imagine any other federal claim.

Similarly, there is no state claim asserted that turns on a construction of federal law. For example, there is no claim that Saugus is somehow interfering with Pingaro's federal rights. See e.g. *Aroostock Band of Micmacs v. Ryan,* 404 F.3d 48 (1st Cir. 2005). In short, there is simply no basis pleaded in the complaint that would support the assertion of federal question jurisdiction.

Lacking jurisdiction for diversity or for a federal question, this Court clearly lacks subject matter jurisdiction in this matter. Accordingly, this Court ought to enter an order dismissing the action for lack of subject matter jurisdiction.

B. Pingaro's Complaint Fails to State a Claim Under State Law

As an additional ground for the dismissal of this action, Saugus contends that Plaintiff Pingaro's complaint fails to state a claim upon which relief may be granted. Plaintiff's complaint fails to state a legal claim because it seeks to hold Saugus liable for matters that provide no basis for liability under Massachusetts law.

The principal contention of the Plaintiff was that the Saugus building

department was aware of the contamination of his property and did not tell him about it.  Another charge was that the Saugus building inspector wrongly issued a permit to build on the property.  However, Plaintiff cannot point to any legal duty owed by the Town to him sufficient to support liability for either failing to tell him about contamination on the property or negligently issuing a building permit.  See e.g. *Dinsky v. Framingham,* 386 Mass. 801, 809-810 (1982)("There is nothing in either the General Laws or in the State Building Code which shows a legislative intent to impose liability on a municipality to individual property owners for the negligent issuance of building permits or the nonenforcement of the State Building Code").  Accord, *Zocchi v. Town of Hinsdale,* 30 Mass.App.Ct. 803 (1991)(Town not liable to private property owners for negligence of building inspector).  See also Mass.Gen.Laws Ch. 258, Section 10(f).  Accordingly, state law provides no avenue for Plaintiff Pingaro to secure relief.  Under these circumstances, his complaint fails to state a claim upon which relief may be granted and it ought to be dismissed.

III.    CONCLUSION

For all of the foregoing reasons, Defendant Town of Saugus respectfully requests this Honorable Court to dismiss Plaintiff's complaint with prejudice and with

an award of costs.

By its Attorney,

 /s/ Ira H. Zaleznik
Ira H. Zaleznik (BBO#538800)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990

Dated:  May 18, 2006

## CERTIFICATE OF SERVICE

I, Ira H. Zaleznik, Esq., certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Paper copies will be sent to those indicated as non-registered participants on May 18, 2006.

By its Attorney,

 /s/ Ira H. Zaleznik
Ira H. Zaleznik (BBO#538800)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990