UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10393-GAO

ROBERT PINGARO,
Plaintiff

v.

TOWN OF SAUGUS,
Defendant.

MEMORANDUM AND ORDER
August 8, 2006

O'TOOLE, D.J.

Plaintiff Robert Pingaro resides at 258 Central Street in Saugus, Massachusetts (the "Town"). According to his *pro se* complaint, he purchased the residence, which was built over 40 years ago, in 1995. Pingaro alleges that the property is contaminated and that the house is sinking because it is located on an old dump site. He further alleges that when the Town's building inspector issued the permit to build approximately 40 years ago, he knew about the condition of the property but did nothing. As a result of the property's deficiencies, Pingaro claims that he has suffered monetary losses and seeks to recover $5 million from the Town. The Town has moved to dismiss the complaint.

*Pro se* pleadings are held to a less exacting standard than pleadings prepared by lawyers. See Boivin v. Black, 225 F.3d 36 (1st Cir. 2000). Even so, even a liberal reading of the complaint fails to demonstrate a basis for this Court's subject matter jurisdiction over Pingaro's claim. Contrary to Pingaro's suggestion in his complaint, there is no jurisdiction under 28 U.S.C. §1332: Pingaro is a resident of Massachusetts and, for diversity purposes, the Town is considered a Massachusetts citizen as well. Nor is jurisdiction proper under 28 U.S.C. § 1331, either. No federal cause of action

is explicitly asserted in the complaint, and none can be inferred from the allegations contained therein. Furthermore, the resolution of any state law claim Pingaro might be found to have asserted does not "necessarily [turn] on some construction of federal law." Templeton Board of Sewer Commissioners v. American Tissue Mills of Massachusetts, Inc., 352 F.3d 33 (2003) (quoting Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986)) (internal quotations omitted).

Having found no basis for asserting subject matter jurisdiction over Pingaro's claims, I conclude that they must be dismissed. The defendant's motion to dismiss (Dkt. No. 15) is GRANTED; the accompanying request for an award of costs, however, is DENIED.

The complaint is dismissed for lack of jurisdiction.

It is SO ORDERED.

_August 8, 2006_
DATE

_/s/ George A. O'Toole_
DISTRICT JUDGE